UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:04-cr-0010-ECR-VPC |
| Plaintiff, | ORDER |
| vs. | |
| JERMAINE MITCHELL, | |
| Defendant. | |

On August 1, 2011, Defendant filed a Motion (#212) seeking a Certificate of Appealability (COA) of our Order (#208) filed July 14, 2011.

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion (#212) is <u>GRANTED</u>.

A certificate of appealability is granted by this Court as follows:

In order to proceed with his appeal, defendant must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a defendant must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong. *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the defendant has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

CLAIM NO. 1 <u>Whether Trial Counsel was Ineffective for Failing to Further Question, Challenge and Move to Excuse the Prospective Juror, Jane Doe.</u>

We have concluded that Defendant cannot make the necessary showing for habeas relief for ineffective assistance of counsel on the basis stated by Defendant. The juror never stated she could not be fair and impartial in deciding the case. The failure to challenge the juror may have constituted trial strategy in view of the uncertainty of the juror or invited error. Defendant cannot show the result of the case would have been different if the prospective juror Jane Doe had been excused.

This issue has been considered at least indirectly by the Court of Appeals on the direct appeal of this case. The Court of Appeals found that the evidence of bias was weak. This same issue appears in the present § 2255 motion framed as an issue of ineffective assistance of counsel. The length of Defendant's resulting sentence and the one statement of Jane Doe during jury selection lead us to the conclusion that this is a fair issue for further review by the Court of Appeals. Our decision is possibly debatable among jurists of reason.

CLAIM NO. 2 <u>Whether trial counsel was ineffective for failing to make an objection to an alleged *Apprendi* violation.</u>

We are convinced and have ruled that there was no *Apprendi* error. At the time we entered our order (#208) on July 14, 2011, we did not observe any Ninth

2

Circuit Court of Appeals acknowledgment or consideration of the Supreme Court opinion in the case of *DePierre v. U.S.* 564 US. _____ (decided June 9, 2011). While we conclude that *De Pierre* is dispositive of Defendant's § 2255 motion, it appears only fair to allow the Court of Appeals to consider that Supreme Court case to see if the Court of Appeals reads *DePierre* the same way we do. If the Court of Appeals does not agree with our reading of *DePierre*, we note that our denial of the § 2255 motion is also based on the Government analysis as presented in *United States v. Hollis*, 490 F.3d 1149 (9th Cir. 2007) and *United States v. Shaw*, 936 F.2d 412 (9th Cir. 1991).

Again, the length of the sentence imposed also persuades us that an appellate review of our decision would be appropriate. Our decision is possibly debatable among jurists of reason.

CLAIM NO. 3 <u>Whether the Trial Judge Committed Structural Error for Failing to Excuse a Prospective Juror in the Face of Alleged Actual Bias</u>.

Our conclusion is that there could be no structural error for the same reasons as stated above with respect to Claim 1. Nonetheless, for the same reasons as stated with respect to Claim 1, our decision is possibly debatable.

CLAIM NO. 4 <u>Whether the Trial Court was Incorrect in Determining that It was Unnecessary for the Government to Prove the Cocaine Base Involved was Crack Cocaine</u>.

For the same reasons stated above with respect to Claim 2, we have concluded that the Government did not have to prove the cocaine base involved was crack cocaine. *De Pierre v. U.S.*, 564 U.S. \_\_\_\_\_ (decided June 9, 2011) is dispositive of this claim; and if not, alternatively *U.S. v. Hollis*, 490 F.3d 1149 (9th Cir. 2007) and *U.S. v. Shaw*, 936 F.2d 412 (9th Cir. 1991) provide the

authority to deny the Defendant's motion.

Our analysis with respect to Claim 2 applies fully here.

Nonetheless, for the same reasons stated with respect to Claim 2, our decision is possibly debatable, and a review by the Court of Appeals is not inappropriate.

Dated this 12th day of September 2011.

_____
EDWARD C. REED, JR.
United States District Judge